IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID KERSH, | ) | CV. NO. 09-00049 JMS-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANTS' MOTION FOR |
| | ) | ATTORNEYS' FEES BE |
| MANULIFE FINANCIAL | ) | GRANTED IN PART AND |
| CORPORATION, ET AL. | ) | DENIED IN PART |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

Before the Court is Defendants Manulife Financial Corporation, John Hancock Financial Services, Inc., and North American Life Assurance Co.'s (collectively, "Defendants") Motion for Attorneys' Fees. (Doc. # 85.) After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that Defendants' motion be GRANTED IN PART and DENIED IN PART. Specifically, the Court RECOMMENDS that Defendants be awarded $50,000 in

1

attorneys' fees.[1]

BACKGROUND

On February 4, 2009, Plaintiff David Kersh filed this action against Defendants seeking damages stemming from a life insurance policy he purchased from Defendants in 1978. (Order Granting Def.'s Mot. for Summ. J., Doc. # 82 at 1-2.) Plaintiff asserted that he purchased a "universal life insurance policy," which required him to make specific payments within the first seven years of the policy. (Id. at 2.) In contrast, Defendants asserted that Plaintiff purchased a "whole life insurance policy," which required him to make annual payments, and that his life insurance policy lapsed after he failed to make payments in 1984. (Id. at 1-2.) In his First Amended Complaint ("complaint"), Plaintiff asserted claims for breach of contract (Count I), unfair business practices in violation of Hawai'i Revised Statutes ("HRS") § 480-2 (2008) (Count II), recklessness (Count III), misrepresentation (Count IV), and intentional infliction of emotional distress (Count V). (Id. at 6-7.) Defendants moved for summary judgment in part on the grounds that Plaintiff's claims were time barred. (Id. at 2.) Following a hearing, District Judge J. Michael Seabright granted Defendants' motion for summary

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

judgment concluding in relevant part that: 1) Plaintiff's breach of contract claim was untimely because, under the two recognized approaches to analyzing the timeliness of a claim for the breach of a life insurance policy, his claim was either premature or barred by the applicable statute of limitations; 2) Plaintiff did not produce any evidence supporting his argument that the statute of limitations was tolled because of illness, fraudulent concealment, or Defendants' lulling him into inaction; and 3) Counts II, IV and V of Plaintiff's complaint were barred by the applicable statutes of limitations, and Plaintiff's tolling arguments were not persuasive. (Id. at 12-26.)

Following the entry of judgment in favor of Defendants (Doc. # 83), Defendants filed the present Motion for Attorneys' Fees requesting $119,274.30 in attorneys' fees. (Mem. in Supp. of Mot. for Att'y Fees, Doc. # 85 at 13.) Specifically, Defendants assert that they are entitled to attorneys' fees on the grounds that: 1) HRS § 607-14 (Supp. 2010) provides that reasonable fees "shall be" taxed against the losing party "in all actions in the nature of assumpsit" and therefore Defendants are entitled to fees on Plaintiff's breach of contract claim; 2) Plaintiff's remaining claims were frivolous and HRS § 607-14.5(a) (Supp. 2010) allows an award of attorneys' fees "upon a specific finding that all or a portion of the party's claim or defense was frivolous . . . [;]" and 3) alternatively, HRS § 607-

14 authorizes the award of fees for Plaintiff's remaining claims because the "gravamen of Plaintiff's claim" is that Defendants breached the life insurance policy. (Id. at 5-12.) For the following reasons, this Court concludes that Defendants are not entitled to fees under HRS § 607-14.5 because there has not been a finding of frivolousness. See HRS 607-14.5(b) ("the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action."). However, Defendants are entitled to $50,000 of their attorneys' fees under HRS § 607-14.

## DISCUSSION

I. Entitlement to Attorneys' Fees

A federal court sitting in diversity must apply state law in determining whether a party is entitled to an award of attorneys' fees. Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawaii law, attorneys' fees may be awarded to a prevailing party when "provided for by statute, stipulation, or agreement." DFS Group L.P. v. Paiea Props., 131 P.3d 500, 502 (Haw. 2006) (block quote formatting omitted) (emphasis omitted) (quoting TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 733 (Haw. 1999)).

A. <u>Prevailing Party</u>

HRS § 607-14 allows the award of attorneys' fees to the prevailing party in an action in the nature of assumpsit. Hawaii courts have held that, "[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be." <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (Ct. App. 1992) (citations and internal quotation marks omitted). Because Judge Seabright granted Defendants' motion for summary judgment as to all of Plaintiffs' claims, Defendants are the prevailing parties. (Order Granting Defs.' Mot. for Summ. J., Doc. # 82 at 12-26.)

B. <u>Statutory Basis</u>

Defendants have demonstrated that they are entitled to attorneys' fees with respect to Plaintiff's contract claim under HRS § 607-14, which provides:

> <u>In all the courts, in all actions in the nature of assumpsit</u> . . . , <u>there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable;</u> provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. <u>The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment</u>.

(Emphases added.)

Hawaii courts have defined an action in assumpsit as "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) (block quote formatting omitted) (quoting TSA Int'l Ltd., 990 P.2d at 734). The first count of Plaintiff's complaint alleged that Defendants breached the life insurance policy. (Compl. Doc. # 26 at 10 ¶ 40.) Therefore, Defendants are entitled to attorneys' fees under HRS § 607-14 because the Plaintiff's breach of contract claim involved a "non-performance of a contract . . . ." See Blair, 31 P.3d at 189; Young v. Geico Indem. Co., Civ. No. 08-00171 JMS-KSC, 2009 WL 3049640, at *4 (D. Haw. Sept. 23, 2009).

With respect to the award of attorneys' fees regarding Plaintiff's remaining claims,[2] the Defendants assert that they are entitled to fees under HRS § 607-14.5 because Plaintiff's claims were frivolous. (Defs.' Mem. in Supp. of Mot. for Att'y Fees, Doc. # 85 at 7.) HRS § 607-14.5(a) provides that in any case

---

[2] Defendants assert that Plaintiff's remaining claims are frivolous because Judge Seabright determined that they were not timely. (Defs.' Mem. in Supp. of Mot. for Att'y Fees, Doc. # 85 at 7-9.) Defendants do not address Plaintiff's recklessness claim when making this argument. See id. Therefore, this court need not decide whether Plaintiff's claim for recklessness, which he conceded did not exist, supports Defendants' argument that Plaintiff's claims are frivolous. (See Order Granting Defs.' Mot. for Summ. J., Doc. # 82 at 7 n.3.)

where a party seeks money damages, the court may award "a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)." To award fees under HRS § 607-14.5 "the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action." HRS § 607-14.5(b). In this context, Hawaii courts have held that a "frivolous claim is one manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." Lee v. Hawaii Pac. Health, 216 P.3d 1258, 1269 (Haw. Ct. App. 2009) (internal quotation marks omitted) (quoting Doe v. Doe, 188 P.3d 782, 799 (Haw. Ct. App. 2008)). Although Judge Seabright concluded that Counts II, IV, and V of Plaintiff's complaint were barred by the statute of limitations, the Court did not find that those claims were frivolous. (Order Granting Defs.' Mot. Summ. J., Doc. # 82 at 22-26); Tumpap v. Aurora Loan Services LLC, Civ. No. 10–00325 SOM–RLP, 2011 WL 2939545, at *6 (D. Haw. May 24, 2011) (noting that the district court did not find claims were made in bad faith and denying a request for fees under HRS § 607-14.5); Young, 2009 WL 3049640, at *3 ("Absent a written finding by Judge Seabright that Plaintiff's claims were frivolous, as defined by

Hawaii case law, the Court is unable to recommend an award of attorneys' fees under HRS § 607-14.5."). The record also indicates that in opposition to Defendants' motion for summary judgment, Plaintiff asserted that his non-assumpsit claims were not barred by the statute of limitations because of illness, fraudulent concealment, and their relationship to his contract claim. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J., Doc. # 71 at 9.) While those arguments were ultimately rejected by Judge Seabright, this Court does not believe that they were so "manifestly and palpably without merit . . . as to indicate bad faith." Morrison-Knudsen Co. v. Makahuena Corp., 675 P.2d 760, 767 n.5 (Haw. 1983). Therefore, this Court RECOMMENDS that Defendants' request for fees under HRS § 607-14.5 be DENIED.

Defendants also argue they are entitled to all of their fees for the remaining claims under HRS § 607-14. (Defs.' Mem. in Supp. of Mot. for Att'y Fees, Doc. # 85 at 9-12.) As discussed above, HRS § 607-14 allows an award of attorneys' fees in actions "in the nature of assumpsit . . . ." The remaining claims are not in the nature of assumpsit, but Defendants are entitled to fees under HRS § 607-14 because Plaintiff's non-assumpsit claims are inextricably intertwined with his assumpsit claim.

As discussed above, an action in assumpsit seeks to recover damages

for the non-performance of a contract or quasi contractual obligations.  Blair, 31 P.3d at 189 (block quote formatting omitted) (internal quotations omitted) (quoting TSA Int'l Ltd., 990 P.2d at 734).  Hawaii courts have held that the nature of a claim is "determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings."  S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 879 P.2d 501, 505 (Haw. 1994) (internal quotation marks omitted) (quoting Schulz v. Honsador, Inc., 690 P.2d 279, 282 (Haw. 1984)).

Counts II through V are not in the nature of assumpsit.  Count II alleges a violation of HRS § 480-2 because Defendants sent Plaintiff a policy statement which made various false claims.  (Compl. Doc. # 26 at 12 ¶ 49.)  This claim also alleges that Defendants falsified computer records relating to the policy.  (Id. at 12-13 ¶ 50.)  Plaintiff seeks the value of the policy and treble damages.  (Id. at 17 ¶ 62.)  Count III of the complaint alleges "recklessness" on the grounds that Defendants "were reckless" and disregarded his life insurance policy.  (Id. at ¶ 65.)  Plaintiff seeks punitive damages under that claim.[3]  (Id. at 18 ¶ 67.)  Count IV of the complaint asserts a claim for misrepresentation because Defendants

---

[3] Because Plaintiff conceded that a claim for recklessness did not exist at the April 11, 2011 hearing on the motion for summary judgment, that claim does not sound in assumpsit. (See Order Granting Defs.' Mot. for Summ. J., Doc. # 82 at 7 n.3.)

9

misrepresented the type of life insurance policy the Plaintiff was purchasing. (Id. at ¶ 69.) Count V asserts a claim for intentional infliction of emotional distress. (Id. at 20.) None of these claims sound in assumpsit. See Deguchi v. Allstate Ins. Co., Civ. No. 07-00144 JMS/LEK, 2011 WL 808979, at *4 (D. Haw. Feb. 28, 2011) (holding that a HRS § 480-2 claim was not in the nature of assumpsit); Shahata v. W Steak Waikiki, LLC, Civ. No. 09-00231 ACK-KSC, 2010 WL 5559320, at *3 (D. Haw. Nov. 29, 2010) (holding that a claim for intentional infliction of emotional distress was not in the nature of assumpsit); JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419 SOM-LEK, 2010 WL 3001924, at *8 (D. Haw. July 30, 2010) (holding that fraud and misrepresentation were not in the nature of assumpsit), adopted in part and modified in part on other grounds by 2010 WL 4272980, at *5 (D. Haw. Oct. 21, 2010).

Nevertheless, Defendants are entitled to attorneys' fees for Plaintiff's non-assumpsit claims under HRS § 607-14 because they are inextricably intertwined with Plaintiff's breach of contract claim. "[I]n awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA Int'l Ltd., 990 P.2d at 734 (quoting Selvage v. J.J. Johnson & Assocs., 910 P.2d 1252, 1266 (Utah Ct. App.

1996)). In some cases, it is impracticable to apportion fees between assumpsit and non-assumpsit claims, and the movant is entitled to fees for non-assumpsit claims under HRS § 607-14. See Blair, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims."). In this case, apportionment is impractical because the non-assumpsit claims derive from the breach of contract claim. Additionally, a review of counsel's billings indicates that apportionment is impractical because counsel did not separate the entries by claim and many of the entries pertain to the claim as a whole. (See Doc. # 85 Ex. 4.) Therefore, this Court FINDS and RECOMMENDS that Defendants are entitled to attorneys' fees under HRS § 607-14 for defending against Plaintiff's non-assumpsit claims.

II.     Calculation of Attorneys' Fees

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006). Reasonable attorneys' fees are determined by multiplying the number of hours reasonably expended by a reasonable hourly

rate. See id. at 505-06.

In their motion, Defendants seek $119,274.30 in attorneys' fees. (Defs.' Mem. in Supp. of Mot. for Att'y Fees, Doc. # 85 at 13.) Plaintiff contends that: 1) Defendants "should be required to provide detailed records demonstrating what legal work was performed solely with respect to each of the counts alleged[;]" and 2) $4,551.50 of the Defendants' request for attorneys' fees is unreasonable. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Atty's Fees, Doc. # 88 at 3, 4-7.) It is unnecessary to address Plaintiff's argument regarding the failure to divide the billing entries into specific claims because, as discussed above, Defendants are entitled to fees on all of their claims.

It is also unnecessary to address Plaintiff's argument regarding the reasonableness of $4,551.50 of Defendants' request for attorneys' fees because HRS § 607-14 provides that an award of fees must not exceed twenty-five percent of the judgment. The Plaintiff sought to recover damages for the breach of a $200,000 life insurance policy. (Compl. Doc. # 26 at 4, 10, ¶¶ 10, 40.) Although the Plaintiff also sought punitive damages, emotional distress damages, and $600,000 in treble damages for the non-assumpsit claims, these damages were not awardable on Plaintiff's assumpsit claim. This Court has held that a judgment's value for the purposes of calculating attorneys' fees under HRS § 607-14 is the

amount of damages awardable had the Plaintiff prevailed on his assumpsit claims. See JJCO, Inc. v. Isuzu Motors America, Inc., Civil No. 08-00419 SOM-LEK, 2010 WL 4272980, at *6 (D. Haw. Oct. 21, 2010) ("[T]he maximum attorney's fee award calculation may only include those damages awardable to JJCO if it had won on its assumpsit claims."). This Court FINDS that $200,000 is the approximate value of Plaintiff's assumpsit claim. Therefore, Defendants are entitled to $50,000 in attorneys' fees ($200,000 * .25 = $50,000), and it is unnecessary to reach Plaintiff's argument regarding the reasonableness of $4,551.50 of Defendants' request for attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that Defendant be awarded $50,000 in attorneys' fees.

DATED: Honolulu, Hawaii, October 5, 2011.

IT IS SO FOUND AND RECOMMENDED.


Kersh v. Manulife Financial Corp.; Civ. No. 09-00049 JMS-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kersh v. Manulife Financial Corp.; Civ. No. 09-00049 JMS-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART.