IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID KERSH,          )<br>                            )<br>       Plaintiff,     )<br>                            )<br>   vs.                  )<br>                            )<br>MANULIFE FINANCIAL )<br>CORPORATION, a foreign corporation, )<br>JOHN HANCOCK FINANCIAL )<br>SERVICES, INC. aka JOHN )<br>HANCOCK LIFE INSURANCE )<br>COMPANY (USA), a foreign )<br>corporation, and NORTH AMERICAN )<br>LIFE ASSURANCE CO., a foreign )<br>corporation, JOINTLY AND )<br>SEVERALLY,             )<br>                            )<br>       Defendants.    )<br>_____ ) | CIVIL NO. 09-00049 JMS/BMK<br><br>ORDER AFFIRMING<br>MAGISTRATE JUDGE BARRY M.<br>KURREN'S OCTOBER 6, 2011<br>FINDINGS AND<br>RECOMMENDATION THAT<br>DEFENDANTS' MOTION FOR<br>ATTORNEYS' FEES BE GRANTED<br>IN PART AND DENIED IN PART |

**ORDER AFFIRMING MAGISTRATE JUDGE BARRY M. KURREN'S OCTOBER 6, 2011 FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART**

**I. BACKGROUND**

On February 4, 2009, Plaintiff David Kersh ("Plaintiff") filed this action against Defendants Manulife Financial Corporation ("Manulife"), John Hancock Financial Services, Inc. aka John Hancock Life Insurance Company (USA) ("John Hancock"), and North American Life Assurance Co. ("NALA"),

(collectively, "Defendants"), asserting state law claims based on Defendants' alleged failure to recognize that Plaintiff held a fully-paid insurance policy that he purchased on March 20, 1978.  Plaintiff asserted that he purchased a universal life insurance policy requiring him to make certain payments within the first seven years of the policy, and that the policy is paid in full.  In comparison, Defendants asserted that Plaintiff purchased a whole life insurance policy requiring annual payments and that the policy lapsed in 1984 after Plaintiff stopped making payments.

Plaintiff alleged five claims: (1) Breach of Contract (Count I); (2) Unfair Business Practices -- Hawaii Revised Statutes ("HRS") § 480-2 (Count II); (3) Recklessness (Count III); (4) Misrepresentation (Count IV); and (5) Intentional Infliction of Emotional Distress ("IIED") (Count V).  On May 31, 2011, the court granted Defendants' Motion for Summary Judgment, finding that Plaintiff's claims were barred by the statute of limitations.

Defendants subsequently filed a Motion for Attorneys' Fees requesting $119,274.30 on the basis that: (1) HRS § 607-14 allows for Defendants to recover fees on Plaintiff's breach of contract claim; (2) Plaintiff's remaining claims are frivolous such that Defendants are entitled to all of their fees pursuant to HRS § 607-14.5(a); and, alternatively, (3) the gravamen of Plaintiff's claims are

breach of contract such that Defendants are entitled to all of their fees pursuant to HRS § 607-14.  On October 6, 2011, U.S. Magistrate Judge Barry M. Kurren entered his Findings and Recommendation that Defendants' Motion for Attorneys' Fees Be Granted in Part and Denied in Part (the "October 6, 2011 F&R").  The October 6, 2011 F&R found that Defendants are entitled to fees on the breach of contract claim pursuant to HRS § 607-14, yet rejected Defendants' other arguments.  As to Defendants' argument under HRS § 607-14.5, the October 6, 2011 F&R explained that fees are warranted only where there is an express finding of frivolousness, which was not made in this case.  The October 6, 2011 F&R therefore calculated that Defendants were entitled to $50,000 in fees.

    Defendants now make a limited Objection to the October 6, 2011 F&R, arguing that Plaintiff's non-contract claims were frivolous such that Defendants are entitled to their entire fee request pursuant to HRS § 607-14.5.  Plaintiff did not file a Response.  Based upon a de novo review,[1] the court OVERRULES Defendants' Objection and ADOPTS the October 6, 2011 F&R.

///

///

---

[1] Pursuant to Local Rule 7.2(d), the court determines Defendants' Objection without a hearing.

## II. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

///

///

## III. ANALYSIS

Defendants argue that Plaintiff's claims are frivolous such that they are entitled to fees pursuant to HRS § 607-14.5. Section 607-14.5 provides:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. . . .

As used in HRS § 607-14.5, "frivolous means "manifestly and palpably without merit." *Canalez v. Bob's Appliance Serv. Ctr.*, 89 Haw. 292, 300, 972 P.2d 295, 303 (1999) (quoting *Coll v. McCarthy*, 72 Haw. 20, 29, 804 P.2d 881, 887 (1991)). A frivolous claim is one that is "so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." *Id.* (citing *Coll*, 72 Haw. at 29, 804 P.2d at 887).

The court cannot say that Plaintiff's claims were so manifestly without merit that no argument was required. Although on summary judgment

Plaintiff ultimately failed to present any evidence supporting that the statute of limitations should be tolled on his claims, this issue was still the subject of briefing and argument by the parties. In other words, these claims on their face did not appear to be brought in bad faith and they were dismissed only after argument highlighted their inadequacies. Although these claims were not well grounded in fact,[2] they do not meet the standard of frivolousness required pursuant to HRS § 607-14.5 and *Canalez*.

### IV. CONCLUSION

Based on the above, the court OVERRULES Defendants' Objection, and AFFIRMS the October 6, 2011 Findings and Recommendation that Defendants' Motion for Attorneys' Fees Be Granted in Part and Denied in Part.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 21, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kersh v. Manulife Fin. Corp. et al.*, Civ. No. 09-00049 JMS/BMK, Order Affirming Magistrate Judge Barry M. Kurren's October 6, 2011 Findings and Recommendation That Defendants' Motion for Attorneys' Fees Be Granted in Part and Denied in Part

---

[2] Citing caselaw from other states, Defendants argue that a claim is frivolous where it is "not well grounded in fact" or "warranted by existing law." Doc. No. 96, Defs.' Obj. at 3-4. The court rejects this standard as contrary to Hawaii law interpreting HRS § 607-14.5.